IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mildenzel Malcolm Davis, | ) | C/A No.: 1:14-722-TLW-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Director Kenny Boome; Maj. Norris; Cpt. Brunson; and Lt. Browne, | ) | |
| Defendants. | ) | |

Mildenzel Malcolm Davis, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. [Entry #1]. Plaintiff alleges a violation of his constitutional rights while incarcerated at the Florence County Detention Center ("FCDC") and names the following FCDC employees as defendants: Director Kenny Boome; Maj. Norris; Cpt. Brunson; and Lt. Browne (collectively "Defendants"). Plaintiff filed motion for a temporary restraining order ("TRO motion"). [Entry #10].

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process. The undersigned further recommends that the district judge deny Plaintiff's TRO motion.

1

I.  Factual and Procedural Background

Plaintiff alleges that Norris and Brunson are aware that the temperature in Plaintiff's cell is below sixty degrees and use harsh jail conditions as punishment. [Entry #1 at 3]. Plaintiff further complains that Boome, Norris, and Brunson allow officers to: (1) strip Plaintiff naked and place him in a cell without hygiene items for up to seventy-two hours; (2) turn off the water to Plaintiff's cell for extended periods, leaving him with no working toilet; (2) place Plaintiff in a restraint chair for up to seventy-five hours without a bathroom break; and (3) discharge chemical munitions in Plaintiff's eyes. *Id.* at 3–4. Plaintiff, who indicates that he suffers from mental health problems, also alleges that that Norris, Brunson, and Browne allow officers to use a taser gun on inmates' genitals and discharge chemical munitions up to four times in a forty-five minute period, although he does not allege this has happened to him. [Entry #1-1 at 3]. Plaintiff claims that he has notified Browne of these incidents, but "he fail[s] to help." *Id.* at 3–4. Plaintiff seeks "justice" and a transfer to another detention center because he does not feel safe. [Entry #1 at 5].

In his TRO motion, Plaintiff alleges that he does not feel safe and believes he could be punished for filing a civil action against Defendants. [Entry #10 at 1]. Plaintiff further claims that his rights could be violated and he could be stripped naked for a number of days without basic human needs. *Id.*

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i),(ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

   Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Plaintiff claims are now moot because he is no longer incarcerated at FCDC. Plaintiff was first transferred to Darlington County Detention Center, and appears to have now been released or transferred to a facility other than the FCDC. [Entry #14, #15, #16]. Plaintiff requested only equitable and injunctive relief against Defendants. [Entry #1 at 5] Because Plaintiff was transferred and is no longer incarcerated at FCDC, his claims for equitable and injunctive relief are now moot. *See Ajaj v. Smith*, 108 Fed. App'x 743 (4th Cir. 2004) (finding that where inmate seeking equitable relief from conditions at one facility was transferred from that facility to another institution, his claims were moot); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991) (holding that transfer mooted prisoner's claims for injunctive and declaratory relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987) (holding that prisoner's transfer moots his request for injunctive relief against conditions of confinement in facility from which he was transferred). Therefore, the undersigned recommends Plaintiff's claims be summarily dismissed as moot.

Plaintiff's TRO motion also requests injunctive relief against Defendants. For the same reasons discussed above, the undersigned recommends Plaintiff's TRO motion be denied as moot, as he is no longer in the custody of the FCDC.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process. The undersigned further recommends that Plaintiff's TRO motion [Entry #10] be denied as moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 24, 2014                                              Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).